**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 14-4098**

UNITED STATES OF AMERICA,

               Plaintiff – Appellee,

     v.

ARVILLE W. SARGENT,

               Defendant - Appellant.

Appeal from the United States District Court for the Southern District of West Virginia, at Charleston. John T. Copenhaver, Jr., District Judge. (2:13-cr-00050-1)

Submitted: August 21, 2014       Decided: August 25, 2014

Before SHEDD, AGEE, and KEENAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Christopher Keleher, THE KELEHER APPELLATE LAW GROUP, Chicago, Illinois, for Appellant. R. Booth Goodwin II, United States Attorney, Eumi L. Choi, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Arville Sargent pled guilty, pursuant to a written plea agreement, to aiding and abetting honest services mail fraud, in violation of 18 U.S.C. §§ 1341, 1346, 2 (2012) and attempt to evade or defeat tax, in violation of 26 U.S.C. § 7201 (2012). He received a seventy-two-month sentence. Sargent argues that he received ineffective assistance of counsel related to the calculation of loss at sentencing. We affirm the judgment.

Claims of ineffective assistance of counsel "are generally not cognizable on direct appeal." United States v. Benton, 523 F.3d 424, 435 (4th Cir. 2008); see United States v. King, 119 F.3d 290, 295 (4th Cir. 1997). Instead, to allow for adequate development of the record, a defendant must ordinarily bring his claims in a 28 U.S.C. § 2255 (2012) motion. King, 119 F.3d at 295. However, we may entertain such claims on direct appeal if "it conclusively appears from the record that defense counsel did not provide effective representation." United States v. Richardson, 195 F.3d 192, 198 (4th Cir. 1999). See generally Strickland v. Washington, 466 U.S. 668, 687 (1984) (setting forth standard). Because none of Sargent's alleged ineffective assistance of counsel claims conclusively appear on the record, we decline to address them in this appeal.

2

We therefore affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED